IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**JOSHUA STOCKTON** **PLAINTIFF**

**v.** **No: 4:17-cv-782 KGB-PSH**

**TIM RYALS; GARY STEWART; GARY ANDREWS; and RUSTY PAGE** **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Joshua Stockton filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 30, 2017, while incarcerated at the Faulkner County Detention Center ("FCDC"). Doc. No. 1. Stockton raised numerous factually unrelated claims. *Id.* For instance, Stockton complained about a fall in the shower; alleged that he was not receiving adequate mental health treatment; claimed there was inadequate security in the jail; and claimed his food was served cold. *Id.* The Court directed Stockton to amend his complaint to identify claims related to only one

issue. Doc. No. 4. Stockton filed an amended complaint that still raised numerous claims. Doc. No. 5. The Court recommended that Stockton be allowed to proceed with his shower fall claim, and that his other claims be dismissed. Doc. No. 7. Service was ordered and obtained on the defendants. Doc. Nos. 6, 8 – 11.

On May 24, 2018, the defendants filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Stockton had not exhausted his claims against them before he filed this lawsuit. Doc. Nos. 17-19. Despite the Court's order notifying Stockton of his opportunity to file a response and statement of disputed facts, Stockton did not do so. Doc. No. 20. Because Stockton failed to controvert the facts set forth in defendants' statements of undisputed facts, Doc. No. 19, those facts are deemed admitted. *See* Local Rule 56.1(c). The defendants' statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that defendants are entitled to judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56; *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than

mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III. Analysis**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not, however, prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies depends on the grievance policy of the particular prison where the alleged events occurred. *See id*.

Defendants argue that they are entitled to summary judgment because Stockton failed to exhaust his administrative remedies before he filed this lawsuit. *See* Doc. No. 18. In support of their motion for summary judgment, defendants submitted an affidavit by Jail Administrator Chris Riedmueller; grievances filed by Stockton during his incarceration at FCDC; and a copy of the FCDC's grievance policy. Doc. No. 19-1.

The FCDC had a grievance process in place for inmates to raise concerns about alleged constitutional violations, including, but not limited to, those concerning the conditions of confinement. *Id.* at 1 & 28-29. The defendants submitted a record of Stockton's grievances filed while he was incarcerated there. *Id.* at 2-26. Stockton's grievance record shows that he was aware of the grievance procedures because he filed numerous grievances before he filed this lawsuit on November 30, 2017. *Id.* Stockton, however, did not file any grievance regarding his claim that he fell in the shower. *Id.* at 1-26. Accordingly, the defendants are entitled to summary judgment and Stockton's claims should be dismissed without prejudice.

## IV. Conclusion

Stockton did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, the defendants are entitled to summary judgment and Stockton's claims should be dismissed without prejudice.

DATED this 22nd day October, 2018.

UNITED STATES MAGISTRATE JUDGE